103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Aduluije AGHAJI, Defendant-Appellant.
 No. 95-56310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Aduluije Aghaji appeals pro se his guilty plea and 120-month sentence for two counts of conspiring to import heroin, in violation of 21 U.S.C. §§ 963, 952(a). Aghaji contends: 1) the indictment was not returned in open court and was untimely; 2) his statutory speedy trial rights were violated; 3) he was denied effective assistance of counsel before his guilty plea; 4) the plea agreement was improperly drafted, resulting in an involuntary plea; 5) counsel was ineffective for relying on the plea agreement; 6) the district court breached the plea agreement; 7) the amount of drugs attributed to Aghaji at sentencing was erroneous; and 9) the court imposed a fine despite his inability to pay it. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, and vacate and remand in part.
 
 
 3
 Because Aghaji pleaded guilty, he has waived his claims concerning the defective indictment, violation of statutory speedy trial rights, and counsel's failure to challenge the indictment before Aghaji's guilty plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).
 
 
 4
 Aghaji contends that the plea agreement was confusing because it did not specify which type it was under Rule 11(e)(1). See United States v. Mukai, 23 F.3d 953, 955 (9th Cir.1994) (describing three types of plea agreements in Rule 11). The plea agreement, although not specifying Rule 11(e)(1)(B), was a type "B" agreement. Aghaji fails to indicate how the plea agreement's failure to cite Rule 11 affected his understanding of his plea.
 
 
 5
 Next, Aghaji claims the plea agreement: 1) wrongly stated that the maximum sentence was forty years; 2) failed to inform him that he was ineligible for a two- or three-point reduction in his offense level based on the mandatory minimum sentence he faced; 3) failed to inform him he was pleading to charges more severe than those in the original indictment; and 4) failed to state that the court did not intend to depart below the mandatory ten-year sentence.
 
 
 6
 Aghaji's claims fail. First, the maximum sentence possible on each count was forty years, because each count involved less than a kilogram of heroin. See 21 U.S.C. § 960(b)(2)(A). Second, the government in the plea agreement agreed to recommend a two-level acceptance of responsibility reduction.[1] Third, the plea agreement and the district court at the change of plea hearing informed Aghaji of the nature and elements of the crimes included in the indictment. See Fed.R.Crim.P. 11(c)(1). Agahji does not indicate how his guilty plea was affected by the failure to tell him whether the superseding indictment contained more or less severe charges than those in the original indictment. Fourth, the plea agreement and the district court informed Aghaji that the district court must impose a ten-year mandatory minimum sentence.[2]
 
 
 7
 Aghaji contends that his guilty plea is invalid because counsel was ineffective in failing to challenge the "charging documents," "participating in fraudulent plea ... bargaining sessions," and erroneously advising Agahji to plead guilty. Claims of ineffective assistance of counsel may be reviewed on direct appeal only when the record on appeal is sufficient to allow review of the issue, or when counsel's representation was "so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). Neither of those conditions is present. The record does not indicate whether counsel considered a challenge to the indictment, superseding information, or plea agreement. Neither the plea negotiations between Aghaji and the government nor counsel's advice to Aghaji is in the record. Furthermore, it is not obvious that Aghaji was denied the effective assistance of counsel. Accordingly, we do not address his ineffectiveness claims. See id. at 290.
 
 
 8
 The district court did not breach the plea agreement at sentencing because the court is not a party to the agreement. See United States v. Lewis, 979 F.2d 1372, 1375 (9th Cir.1992).
 
 
 9
 Aghaji next contends that the amount of drugs attributed to him was erroneously calculated by the district court. Although Aghaji did not object to the amount of drugs at sentencing, we will review for plain error. See United States v. Davis, 36 F.3d 1424, 1435 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 10
 The district court sentenced Agahji to two concurrent 120-month sentences for his participation in two conspiracies to import heroin into the United States. The court stated that it was imposing "the minimum sentence that I'm authorized by law to give." Although our review of Aghaji's sentence is hampered by the lack of specific factual findings, the district court evidently followed the presentence report, finding that more than one kilogram of heroin was involved in the two conspiracies.
 
 
 11
 Under the sentencing guidelines, Aghaji's offense level was calculated by determining the total amount of heroin involved in both conspiracies. See U.S.S.G. § 3D1.2(d) & comment. (n. 6). However, for purposes of determining the mandatory minimum sentence for each conspiracy, the amount of drugs attributable to Aghaji is what he could reasonably foresee would be involved in each conspiracy. See United States v. Castaneda, 9 F.3d 761, 769 (9th Cir.1993); see also United States v. Castaneda, 94 F.3d 592, 594 (9th Cir.1996).
 
 
 12
 Aghaji and the government stipulated, and the presentence report agreed, that the amount of drugs involved in the Harry Obi conspiracy was 453.6 grams of heroin and in the Christopher Nwaukpele conspiracy was 606.1 grams of heroin.[3] The mandatory minimum sentence for an offense involving between 100 grams and 1 kilogram of heroin is 5 years. 21 U.S.C. § 960(b)(2)(A). The presentence report correctly stated that the mandatory minimum for each conspiracy was five years.
 
 
 13
 Because the record contains no evidence that Agahji could reasonably foresee that each conspiracy would involve one or more kilograms of heroin, the district court erred when it assumed that Aghaji was subject to a ten-year mandatory minimum sentence. See Castaneda, 94 F.3d at 594; Castaneda, 9 F.3d at 769. Given Aghaji's guideline range of 108-135 months, the government's promise to recommend a sentence at the low end of the guideline range, and the district court's willingness to impose a sentence at the low end of the guideline range, the error probably resulted in Agahji receiving a higher sentence than he should have. We therefore find plain error, and remand to the district court for resentencing based on the amount of heroin Aghaji could reasonably forsee for each conspiracy. See Davis, 36 F.3d at 1434-35.
 
 
 14
 Agahji's remaining sentencing claims lack merit. The district court had authority to impose a fine. United States v. Zakhor, 58 F.3d 464, 466-67 (9th Cir.1995) (declining to follow United States v. Spiropoulos, 976 F.2d 155, 165-66 (3d Cir.1992)). Agahji failed to object to the imposition of the fine, and the record does not indicate that Aghaji either is indigent or will be unable to pay the fine. Cf. United States v. Robinson, 20 F.3d 1030, 1033 (9th Cir.1994). Aghaji's downward departure argument is moot.
 
 
 15
 We AFFIRM Aghaji's convictions, and VACATE and REMAND for resentencing consistent with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time of the plea, a three-level reduction for acceptance of responsibility was not available. See U.S.S.G. § 3E1.1 (1991). At sentencing, the district court sua sponte awarded Aghaji the newly available three-level reduction for acceptance of responsibility
 
 
 [2]
 This information was incorrect. The mandatory minimum sentence for each count was actually five years. However, Aghaji does not contend that the erroneous information affected his substantial rights or resulted in an unintelligent plea. See Fed.R.Crim.P. 11(h); United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993)
 Aghaji's claim that he should have been informed that he was subject to a five-year term of supervised release is frivolous in light of the district court's imposition of a four-year supervised release term.
 
 
 [3]
 Agahji erroneously asserts that his sentence was based upon drugs possessed by Ike Mbanefo. Mbanefo is not named a coconspirator in either conspiracy, and neither the presentence report or the district court found that Agahji was responsible for Mbanefo's drug smuggling