110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DEETER, Defendant-Appellant.
 No. 96-35221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 19, 1996.*
Decided March 20, 1997.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Deeter, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to correct his 151 month sentence. He pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and one count of aiding and abetting the distribution of one kilogram or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.
 
 
 3
 Deeter contends: (1) he is entitled to a reduction in his sentence based on his claims of sentencing entrapment; (2) his trial counsel was ineffective for failing to raise his sentencing entrapment claim; and (3) he is the victim of vindictive prosecution. These contentions have no merit. Therefore, we AFFIRM the decision of the district court.
 
 DISCUSSION
 I. Sentencing Entrapment
 
 4
 Regarding the issue of sentencing entrapment, Deeter claims that he was neither predisposed to sell the amount of drugs for which he was sentenced, nor did he have the resources to complete such a large transaction.[1] The district court has discretion to reduce sentences based on a finding of sentencing entrapment. United States v. Castaneda, 94 F.3d 592, 595 n. 2 (9th Cir.1996).
 
 
 5
 "Sentencing entrapment or sentence factor manipulation occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994). To prevail on a claim of sentencing entrapment, a defendant must show he lacked both the "intent to produce and the capability to produce the quantity of drugs at issue." United States v. Naranjo, 52 F.3d 245, 250 n. 13 (9th Cir.1995) (citations omitted). Deeter has failed to satisfy these burdens.
 
 
 6
 First, Deeter failed to meet his burden of showing he did not intend to engage in a ten-pound methamphetamine transaction. Deeter claims he was not predisposed to distribute ten pounds and only agreed to sell such a large amount in response to the government informant's demands. The record does not support Deeter's claims.
 
 
 7
 The record reveals Deeter's readiness to comply with the informant's interest in purchasing pounds, rather than ounces, of methamphetamine. Deeter also acknowledges that he stood to gain a $20,000 to $30,000 profit on the sale and offered to split this with the informant to better secure the completion of the deal. These facts establish Deeter's willingness and motive to engage in such a large drug sale.
 
 
 8
 Second, it is clear that Deeter had the ability to engage in such a large sale. After Deeter realized he could only obtain four pounds at the time of the scheduled sale, he made arrangements to acquire the remaining six pounds the following day without provocation from the informant. These facts demonstrate that Deeter was predisposed and capable of completing the ten pounds sale. For these reasons, his sentencing entrapment claim fails. Id.; Staufer, 38 F.3d at 1106.
 
 II. Ineffective Assistance of Counsel
 
 9
 Deeter contends his trial counsel rendered ineffective assistance because he did not raise the issue of sentencing entrapment. However, as explained above, the record shows that sentencing entrapment was nonexistent.
 
 III. Vindictive Prosecution
 
 10
 Deeter claims the government has threatened to increase his punishment should this court remand his case for sentence correction. He makes this claim based on statements in the government's brief on appeal. That brief does not support his contention.
 
 CONCLUSION
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Deeter failed to raise his claim of sentencing entrapment during sentencing or on direct appeal. In fact, Deeter has not appealed his conviction directly. This failure, however, does not affect our ability to review this appeal. Gonzalez v. United States, 33 F.3d 1047, 1049 (9th Cir.1994) (holding government's failure to assert procedural default in district court proceedings on a § 2255 motion waives the issue)