116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence TAYLOR, Defendant-Appellant.
 No. 96-10368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997
Decided June 26, 1997.
 
 Appeal from the United & tates District Court for the District of Nevada, D.C. No. CR-95-00265-LDG; Lloyd D. George, District Judge, Presiding.
 Before REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Lawrence Taylor was convicted after a jury trial of five counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months in prison. On appeal, he challenges both his conviction and the sentence imposed by the district court. We affirm his conviction, but vacate his sentence and remand to the district court for reconsideration.
 
 
 3
 Taylor first argues that the district court erroneously concluded at the close of the government's case in chief that he was not yet entitled to an entrapment instruction and that that error forced him to take the stand and testify in violation of his Fifth Amendment right against compelled self-incrimination. We reject this argument as meritless. The district court's ruling, whether or not erroneous, did not constitute compulsion within the meaning of the Fifth Amendment. See United States v. Perkins, 937 F.2d 1397, 1404-05 (9th Cir.1991) (holding that the Fifth Amendment does not apply to a "defendant's own subjective perception of what constitutes a proper trial strategy.")
 
 
 4
 We also reject Taylor's next argument that the district court committed reversible error when it denied his motion for a continuance. We conclude that the district court did not abuse its discretion, and that, in any event, Taylor has not demonstrated prejudice sufficient to merit reversal. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991).
 
 
 5
 Finally, Taylor argues on appeal that the court erred in denying his request for a downward departure pursuant to U.S.S.G. § 5K2.12 on the ground of sentencing entrapment. The court rejected Taylor's request, in part because it held that the statutory mandatory minimum prevented it from considering a sentence of less than 240 months, and, in part, because it concluded that § 5K2.12 prohibited a departure given the facts of this case.
 
 
 6
 The district court in this case sentenced Taylor without the benefit of our subsequent decision in United States v. Castaneda, 94 F.3d 592 (9th Cir.1996), in which we held that where sentencing entrapment has occurred, the district court has discretion to reduce the amount of drugs attributable to the defendant by the amount tainted by the entrapment and to calculate the mandatory minimum relying on the reduced amount. Id. at 595. It also did not have the benefit of our subsequent decision in United States v. Parrilla, 1997 WL 258887 (9th Cir. No. 96-30357 May 16, 1997), in which we held that the district court has an obligation to make "express factual findings" with respect to sentencing entrapment claims. Because of the changes in the law the parties have requested that we vacate the sentence and remand to the district court for reconsideration in light of Castaneda and Parrilla. We grant that request.
 
 
 7
 We note for the benefit of the parties and the district court that § 5K2.12 does not prohibit a departure on the ground of sentencing entrapment merely because the government has used and economic lure to unlawfully induce the defendant to engage in conduct beyond that in which he was predisposed to engage. On remand, if the district court concludes that sentencing entrapment occurred in this case, it court should exercise its discretion as appropriate, in light of our recent cases and this disposition.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3