**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donnie Bobby NUTT, Defendant–**
**Appellant.**

**No. 00–10338.**

**D.C. No. CR–98–0067–EHC.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001 *.

Decided July 17, 2001.

Before CYNTHIA HOLCOMB HALL, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM **

Donnie Bobby Nutt ("Nutt") appeals his jury conviction for making false statements in connection with receipt of compensation under the Federal Employees Compensation Act, in violation 18 U.S.C.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 1920. Nutt claims that the district court abused its discretion in limiting the scope of cross-examination of a government's witness regarding a Department of Labor reporting form. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Although Federal Rule of Evidence 702 allows expert opinion testimony if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," "[a] district court does not abuse its discretion when it refuses expert testimony where the subject does not need expert 'illumination' and the proponent is otherwise able to elicit testimony about the subject." *United States v. Ortland*, 109 F.3d 539, 545 (9th Cir.1997) (citing *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir.1996)).

Here, the jury was required to determine whether Nutt knew he had to report his work for Ceramics, Etc., based on the instructions and questions in the forms, and whether by not reporting his work, he knowingly and willfully made a false statement. *See* 18 U.S.C. § 1920. Nutt did not testify that the questions on the form were ambiguous. Rather, he testified that he didn't report work for Ceramics, Etc. because he wasn't getting paid, that he never considered it work, and that he did the work because he loved Nancy O'Nasch. Whether Nutt also believed that the questions on the form were ambiguous or unclear, was a question for him and not the proper subject of the government's expert witness' testimony. Although the district court permitted the expert to testify as to some ambiguities in the form, the court disallowed other more detailed questions as unnecessary. Because Nutt had testified to his reasons and his reasons differed from the expert's conclusions, *see Ortland*, 109 F.3d at 545, the district court did not abuse its discretion in determining that the testimony was unnecessary to illuminate whether Nutt believed

the forms were ambiguous. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384, 400, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (The abuse of discretion standard requires that an appellate court "uphold any district court determination that falls within a broad range of permissible conclusions.").

Nor was the proposed cross-examination designed to elicit relevant testimony, as the district court correctly found. Mowing one's lawn or watching one's children is in no way related to manufacturing products, negotiating prices, making deliveries, and designing products, all activities that Nutt admitted he performed for Ceramics, Etc.

AFFIRMED.