**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Quinton BIRDINGROUND, Jr.,**
**Defendant–Appellant.**

No. 04–30148.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Klaus P. Richter, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Palmer A. Hoovestal, Helena, MT, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Quenton Birdinground appeals his conviction by jury trial for second degree murder, assault resulting in serious bodily injury, and use of a firearm during a crime of violence. He first argues that the district court erred by excluding a defense expert on Crow Indian culture and tradi-

---

**3.** Petitioner's Motion to Augment Oral Argument is also **DENIED**, in a separate order filed concurrently.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion. A careful review of the record, however, shows that the defense never tendered the witness nor made any offer of proof, and the district court never issued a ruling specifically excluding the witness. "To preserve an issue for review requires an offer of proof and the making of a record." *United States v. Bagley*, 837 F.2d 371, 375 (9th Cir.1988). Moreover, even if the district court had excluded expert testimony on cultural propensities, it would not have abused its discretion in doing so. *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir.1996).

The district court also did not err in refusing to give a voluntary intoxication instruction with respect to second degree murder. Birdinground's argument that because "malice aforethought" means to kill either deliberately and intentionally or recklessly, second degree murder involves specific intent to kill, is unfounded in the case law. Second degree murder only requires general, not specific intent, *United States v. Lopez*, 575 F.2d 681, 684 (9th Cir.1978), and "[a] defense based on voluntary intoxication is available only for a specific intent crime." *United States v. Burdeau*, 168 F.3d 352, 356 (9th Cir.1999); *see also* Ninth Circuit Model Criminal Jury Instructions, § 6.8 (2004).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.