**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lario Javier AVILA, aka Richard Avila, Richard Rios, Lario Avila, Defendant–Appellant.**

**No. 06–50155.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Jan. 10, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

William A. Crowfoot, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Lario Javier Avila appeals his conviction for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and his twenty-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Avila first challenges the district court's finding that the Government's wiretap ap-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plication established the necessity requirement of 18 U.S.C. § 2518.[1] He also asserts that the district court erred when it refused to hold a *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), hearing to determine whether the Government misled the court as to the necessity of the wiretap.

The Government's wiretap application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."[2] 18 U.S.C. § 2518(1)(c). We have emphasized "the statutory presumption against this intrusive investigative method," and interpreted these statutory prerequisites as a "necessity" requirement. *United States v. Gonzalez*, 412 F.3d 1102, 1112 (9th Cir.2005).

■ We agree with the district court that the wiretap affidavit satisfied the necessity requirement. Avila argues that the Government failed to establish necessity because the Government already had enough information at the time of the application to determine Avila's identity, residence, and activities through ordinary investigative means. The affidavit, however, clearly states that the goals of the investigation were broader than this characterization suggests; the Government sought information regarding Avila's co-conspirators, the "locations [Avila's] Los Angeles cell uses to store narcotics and narcotics proceeds[,]" and "[t]he management and disposition of proceeds generated by [Avila's] Los Angeles cell and its involvement in money laundering."

In the context of a conspiracy investigation, the district court must evaluate necessity in relation to the goals of the overall investigation; if the Government can demonstrate that ordinary investigative techniques would not disclose information covering the scope of the drug trafficking enterprise under investigation, then it has established necessity for the wiretap. *See United States v. McGuire*, 307 F.3d 1192, 1197–99 (9th Cir.2002).

In light of the stated goals of the investigation and the way in which the affidavit ties its explanation of necessity to specific facts about the investigation, we conclude that the district court did not abuse its discretion in finding that the affidavit provides an adequate basis for a finding of necessity.

■ Next, Avila contends that the district court erred in denying his request for a *Franks* hearing.[3] He argues that because the Government conducted minimal investigation prior to seeking authorization for a wiretap, it based its allegations in the affidavit on a generic stereotype of drug trafficker behavior that was not accurate in Avila's case. "A *Franks* hearing is appropriate where the defendant makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a wiretap, and (2) material to the district court's finding of necessi-

---

1. "We review the district court's finding of necessity in a wiretap application for abuse of discretion." *United States v. Decoud*, 456 F.3d 996, 1006 (9th Cir.2006).

2. "We review de novo whether the information submitted in an affiant's affidavit amounts to 'a full and complete statement of the facts' as required by 18 U.S.C. § 2518(1)(c)." *United States v. Canales Go-*

*mez*, 358 F.3d 1221, 1224 (9th Cir.2004) (citation omitted).

3. We review de novo a district court's denial of a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir.2000).

ty." *United States v. Shryock,* 342 F.3d 948, 977 (9th Cir.2003) (citing *Bennett,* 219 F.3d at 1124). Avila, however, fails to identify any affirmative, material misrepresentations or omissions that would have entitled him to a *Franks* hearing, and accordingly, we conclude that the district court did not err in denying his request.

## II

Avila challenges the district court's imposition of a twenty-year mandatory minimum sentence pursuant to 21 U.S.C. § 851 and 21 U.S.C. § 841(b)(1)(A).[4] He argues that § 851(d)(2) contains a specific remedial scheme that applies when the Government fails to prove the predicate conviction beyond a reasonable doubt, and because the statute does not contain a provision explicitly allowing the Government to move for reconsideration in such a case, the court erred by permitting it to do so.[5] We disagree.

■ While § 851 does provide an appellate remedy, this provision alone does not preclude the district court from reconsidering a prior ruling. A district court has inherent authority to reconsider its rulings as long as it retains jurisdiction over a matter. *See United States v. Smith,* 389 F.3d 944, 949–51 (9th Cir.2004) (finding

the law of the case doctrine inapplicable to a district court's decision "to reconsider an order over which it has not been divested of jurisdiction"); *City of L.A. v. Santa Monica Baykeeper,* 254 F.3d 882, 886–87 (9th Cir.2001) (holding that a district court's power to reconsider its orders in a case where it retains jurisdiction is derived from the common law). Here, although the Government filed a notice of appeal from the court's initial ruling, the Government dismissed the appeal before the district court granted the motion for reconsideration.[6] In light of these circumstances, we conclude that the district court had jurisdiction to reconsider its § 851 ruling and did not err in increasing the applicable mandatory minimum sentence.

■ Finally, Avila argues that the district court erred in applying a two-level leadership role enhancement under U.S.S.G. § 3B1.1, because the evidence was insufficient to demonstrate that Avila exercised control over his co-defendants in the offense. We disagree. The record before the district court, including the Presentence Report and evidence introduced at trial, was more than sufficient to demonstrate that Avila exercised some degree of control over his co-defendants in the drug-trafficking conspiracy, and the district

---

4. We review de novo a district court's construction of a statute requiring the imposition of a minimum sentence, and we review for clear error a district court's factual findings in the sentencing phase. *United States v. Castaneda,* 94 F.3d 592, 594 (9th Cir.1996).

5. Avila contends that as in *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc), we should construe the prior conviction enhancement of § 841(b)(1) as an element of the offense that must be charged in the indictment and proven to a jury beyond a reasonable doubt. His argument fails because, unlike drug type or quantity, the Supreme Court has held that the fact of a prior conviction is specifically exempt from the requirements of *Apprendi v. New Jersey,* 530

U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See also Blakely v. Washington,* 542 U.S. 296, 301, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Accordingly, there is no merit to his statutory argument. Because a prior conviction is not an element of an offense under § 841(a), Avila's double jeopardy argument fails on that ground as well as under *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

6. Avila also challenges the government's motion for reconsideration as untimely. Because our review of the record persuades us that the motion was timely, we reject this contention.

court did not clearly err in finding that these facts supported the enhancement.[7]

**AFFIRMED.**

---

**7.** We review for clear error a district court's determination that a defendant was a leader or organizer for purposes of a role enhancement under U.S.S.G. § 3B1.1. *United States v. Salcido–Corrales,* 249 F.3d 1151, 1154 (9th Cir.2001).

