**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rollin Lee SPENCER, aka Spence Leigh Roland, aka Steven L. Spencer, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Suzanne Denise Rollier, aka Suzanne Spencer, aka Suzanne Ducet, aka Suzanne Johnson, AKA Suzanne Eamor, Defendant–Appellant.**

**Nos. 08–30073, 08–30082.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 2009.*

Filed Aug. 07, 2009.

Bryan Schroder, Assistant U.S., Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Kenneth M. Stern, Esquire, Law Offices of Kenneth M. Stern, Woodland Hills, CA, for Defendant–Appellant.

Before: FARRIS, THOMPSON and RAWLINSON, Circuit Judges.

## MEMORANDUM **

In this consolidated case, appellant Rollin Lee Spencer (Spencer) appeals his jury conviction and sentence for being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Appellant Suzanne Denise Rollier (Rollier) appeals her jury conviction and sentence for being an illegal or unlawful alien in possession of firearms in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

**1.** After an independent review of the record, and in light of the fact that a sentence greater than indicated by the advisory guidelines was reasonable, there are no unresolved, nonfrivolous issues in Spencer's appeal. *See Anders v. Califor-*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. 1

*nia,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also United States v. Warr,* 530 F.3d 1152, 1160–61 (9th Cir. 2008) (holding that an above-guidelines sentence was reasonable because defendant's "personal characteristics, together with the seriousness of his crimes strongly suggested ... that [he] posed a significant danger to society and would do so for years to come"). Therefore, we affirm Spencer's conviction and sentence, and grant his attorney's motion to be relieved as counsel. *See United States v. Bennett,* 219 F.3d 1117, 1126 (9th Cir.2000) (concluding that there were no unresolved, nonfrivolous issues in the defendant's appeal and granting defense counsel's motion to withdraw).

█ 2. The district court properly denied Rollier's motion for a judgment of acquittal because the government proved her alienage beyond a reasonable doubt via her admissions and the immigration agent's testimony. *See United States v. Sotelo,* 109 F.3d 1446, 1448–49 (9th Cir. 1997) (holding that a defendant's admissions coupled with a prior deportation order was "sufficient proof" that he was not a United States citizen).

█ 3. The district court properly rejected Rollier's proposed jury instructions because they were misstatements of the law or duplicative. *See United States v. George,* 420 F.3d 991, 1000 (9th Cir.2005) (misstatements); *see also United States v. Castaneda,* 94 F.3d 592, 596 (9th Cir.1996) (duplicative).

**AFFIRMED.**