UNITED STATES of America,
Plaintiff–Appellee,

v.

Daryl Willis RIEWE, Defendant–
Appellant.

No. 97–10105.

United States Court of Appeals,
Ninth Circuit.

Submitted July 20, 1998. [1]

Decided Jan. 15, 1999.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Charles L. Weninger, Tucson, Arizona, for the defendant-appellant.

Sandra M. Hansen, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Before: HUG, Chief Judge, SCHROEDER and KOZINSKI, Circuit Judges.

PER CURIAM:

Daryl Willis Riewe appeals his sentence following his conviction for conspiracy to possess, possession with intent to distribute, and distribution of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1994). Riewe contends that the district court erred by failing to make express factual findings on his claim of sentencing entrapment and by failing to exercise its discretion to depart downward on the basis of sentencing entrapment. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

## I. BACKGROUND

During the spring of 1996, the Drug Enforcement Administration investigated methamphetamine sales by Joseph Davis, Riewe's co-defendant. On April 26, 1996, Davis sold an undercover agent approximately nine grams of methamphetamine supplied by Riewe. On May 10, 1996, Riewe personally sold the agent 18.86 grams of methamphet-amine. During the transaction, the agent told Riewe that she was interested in purchasing larger quantities. Riewe explained that he had plans to leave town at the end of the month, but if he did not deliver the drugs, he would set her up with a reliable supplier, his source.

Between May 10 and May 24, undercover agents negotiated a deal with Riewe. On May 24, he delivered 76 grams of methamphetamine and then was arrested. Riewe was convicted by a jury of conspiracy to possess, possession with intent to distribute, and distribution of methamphetamine.

At sentencing, Riewe urged the district court to reduce the amount of methamphetamine attributable to him because of the margin of error inherent in laboratory analysis and because he had been the target of sentencing entrapment. The court found that the presentence report correctly calculated the sentencing guidelines for the conduct involved and thus attributed 104 grams of methamphetamine to Riewe. The court imposed the ten-year statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). Riewe has filed a timely appeal on the issue of sentencing entrapment.

## II. ANALYSIS

"We review the interpretation and application of the Sentencing Guidelines de novo." *United States v. Naranjo*, 52 F.3d 245, 248 (9th Cir.1995). We review factual findings in the sentencing phase for clear error. *See id.*

The quantity of drugs for which a defendant is responsible is determined by the court at sentencing. *See United States v. Castaneda*, 94 F.3d 592, 594 (9th Cir.1996). Under 21 U.S.C. § 841(b)(1)(A)(viii), a violation involving 100 grams or more of methamphetamine carries a mandatory ten-year minimum sentence. "[A] conspiracy conviction under [21 U.S.C. § ] 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841." *United States v. Dabdoub–Canez*, 961 F.2d 836, 838 (9th Cir. 1992). A district court lacks the authority to

impose a sentence below a statutory minimum unless the government specifically requests it to do so. *See Melendez v. United States,* 518 U.S. 120, 125–26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996).

At sentencing, Riewe argued that the police engaged in sentencing entrapment because they "should have arrested him after the first buy, [or] they should have taken up his offer to be introduced to his source." He urged the district court to reduce the amount of methamphetamine attributable to him by disregarding the amount involved in the second sale.

■ "Sentencing entrapment or sentence factor manipulation occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer,* 38 F.3d 1103, 1106 (9th Cir.1994) (internal quotation marks and citation omitted). A defendant bears the burden of proving sentencing entrapment by a preponderance of the evidence. *See United States v. Parrilla,* 114 F.3d 124, 127 (9th Cir.1997). The district court is obligated to make express factual findings as to whether the defendant met this burden. *See id.*

■ There are two possible remedies for sentencing entrapment. "First, a sentencing court may decline to apply the statutory penalty provision for the greater offense that the defendant was induced to commit, and instead apply the penalty provision for the lesser offense that the defendant was predisposed to commit." *Id.* Alternatively, the sentencing court may grant a downward departure from the sentencing range for the greater offense that the defendant was induced to commit. *See id.*

■ However, because a district court may not impose a sentence below a statutory minimum term, the only available remedy for sentencing entrapment where the defendant is faced with a mandatory minimum term is to apply the penalty provision for the lesser offense. *Cf. Castaneda,* 94 F.3d at 595; *Naranjo,* 52 F.3d at 251 n. 14. Therefore, if the government induced Riewe to sell more methamphetamine than he was predisposed to sell, the district court should have subtracted the amount of drugs tainted by the entrapment, and thereby reduced his mandatory minimum sentence to five years under 21 U.S.C. § 841(b)(1)(B)(viii). Since the reduction in the quantity of drugs would result in the application of a different statutory penalty provision altogether, this remedy does not involve a departure from the applicable statutory minimum. *See Castaneda,* 94 F.3d at 595.

■ After hearing Riewe's sentencing entrapment argument, the district court found that "the presentence report correctly calculate[d] the sentencing guidelines ... for the conduct involved." Thus, without expressly rejecting Riewe's claim, the district court attributed 104 grams of methamphetamine to Riewe and imposed the ten-year statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).

The district court did not make the express factual finding our case law requires. *See Parrilla,* 114 F.3d at 127. In the absence of specific findings, we cannot ascertain what the court relied on in rejecting Riewe's sentencing entrapment argument. *See Naranjo,* 52 F.3d at 250–51. Moreover, it is unclear whether the district court understood that, had it found that Riewe demonstrated sentencing entrapment, it had the authority to subtract the quantity of drugs tainted by the entrapment. Thus, we vacate Riewe's sentence and remand to the district court for resentencing. We express no opinion on the merits of Riewe's claim of sentencing entrapment or the quantity of methamphetamine that he was predisposed to distribute.

**REVERSED.**