**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Earnestine THOMAS, a/k/a Tina**
**Thomas, Defendant–**
**Appellant.**

No. 00–30134.
D.C. No. CR 99–00167–JO.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

### MEMORANDUM **

Earnestine Thomas appeals her seventy-two month and one day sentence imposed after her guilty-plea conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and unlawful possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Thomas contends the district court erred by failing to exercise its discretion to depart downward with respect to the sixty-month consecutive sentence imposed for violating section 924(c)(1). A district court's discretionary decision not to depart downward from the sentencing guidelines is not reviewable upon appeal. *See United States v. Lipman,* 133 F.3d 726, 729 (9th Cir.1998). A denial of downward departure, however, based upon the district court's belief it lacked the authority to depart, is reviewed de novo. *See United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998).

Thomas' contention is without merit. The district court correctly determined it lacked the authority to depart downward from the mandatory minimum sentence imposed under section 924(c)(1). *See Melendez v. United States,* 518 U.S. 120, 126–30, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996) (noting no jurisdiction in the absence of an 18 U.S.C. § 3553(e) motion); *United States v. Riewe,* 165 F.3d 727, 728–29 (9th Cir.1999) (per curiam). Moreover, there is no evidence the government intended to make a section 3553(e) motion. *See Melendez,* 518 U.S. at 125–27.

AFFIRMED.