**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brent Edwin SMITH, Jr., Defendant– Appellant.**

No. 00–50073.
D.C. No. CR 99–00556–LEW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Smith's request for oral argument is denied.

## MEMORANDUM **

Brent Edwin Smith, Jr., appeals his 135–month sentence imposed following a guilty plea conviction for distribution of approximately 38.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

■ To the extent Smith appeals the district court's denial of his request for a downward departure based on sentence entrapment or sentence factor manipulation, we decline to do so, because we lack jurisdiction to review a district court's discretionary refusal to grant a downward departure. *See United States v. Timbana,* 222 F.3d 688, 699 (2000). The district court, here, recognized its discretion to depart downward, but determined a departure was unwarranted. We, therefore, may not review that ruling on appeal.

We may, however, review Smith's contention that the district court incorrectly applied the law by lumping sentencing entrapment and sentencing manipulation together as one principle, and thereby erred when it refused to downwardly depart based on his allegation that the government engaged in sentence manipulation by prolonging its investigation for the sole purpose of enhancing his sentence.

■ We review de novo the district court's interpretation and application of the Sentencing Guidelines. *See United States v. Riewe,* 165 F.3d 727, 728 (9th Cir.1999).

■ Sentence entrapment or sentence factor manipulation may be a proper basis for a downward departure at sentencing if a defendant proves by a preponderance of the evidence that, although predisposed to commit a minor or lesser offense, he was entrapped in committing a greater offense subject to greater punishment. *See Riewe* at 728. Smith's sole argument on appeal, however, is that the government improperly prolonged its undercover operation in order to increase his sentence. Because we previously declined to adopt a rule that would find sentencing manipulation when the government opts to continue its investigation after it had sufficient evidence to indict, *See United States v. Baker,* 63 F.3d 1478, 1500 (9th Cir.1995) (stating, "[s]uch a rule would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors."), the district court did not err when it refused to downwardly depart.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

