**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Xavier DIAZ, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Enrique Garcia, Defendant–Appellant.**

Nos. 99–50427, 00–50054.
D.C. Nos. CR–98–00765–RAP–1, CR–98–00765–RAP–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 16, 2001.

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Xavier Diaz appeals the denial of his suppression motion and the district court's refusal to grant downward sentencing departures for sentencing entrapment and low drug purity. Enrique Garcia appeals the district court's refusal to grant a downward sentencing departure for rehabilitative efforts. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm. Because the parties are familiar with the facts, we will not detail them here except as necessary.

"As a general rule, a guilty plea erases claims of constitutional violation arising before the plea." *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989). Unless Diaz can demonstrate (1) his plea was conditional and explicitly preserved the right to appeal the suppression motion, (2) his plea was not voluntary and intelligent, or (3) an exception to the general rule of waiver of pre-plea violations applies, he is barred from challenging the denial of his suppression motion.

There is no basis for concluding that the colloquy between Diaz and the judge was defective in any way, or that Diaz's plea was not voluntary and intelligent. While the judge did not specifically advise Diaz that he would be barred from later attacking the suppression motion, this is not required in the plea colloquy. *See United States v. Floyd*, 108 F.3d 202,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

204 n. 2 (9th Cir.1997) ("Rule 11 does not require a district court to inform a defendant that, by pleading guilty, she is waiving her right to appeal any antecedent rulings or constitutional violations."). Diaz argues, however, that because the trial judge explicitly informed him of his right to appeal at sentencing, his prior entry of a plea of guilty was conditional and allowed him to later challenge the denial of his suppression motion; Diaz also argues that his plea was involuntary for this same reason. These arguments overlook the fact that the judge's comments concerning Diaz's right to appeal took place at the sentencing hearing, *over six months after the plea colloquy*. Further, they relate to the sentence, and not the plea. These comments at sentencing on Diaz's ability to appeal do not serve to transform Diaz's prior unconditional and voluntary guilty plea into one that is conditional or involuntary. Furthermore, none of the exceptions to the rule of waiver applies. Diaz has thus waived his right to appeal any rulings antecedent to his plea, including the denial of his suppression motion.

Diaz next argues that the district court erred in not granting a downward sentencing departure for sentencing entrapment. A district judge's discretionary denial of a downward departure is not reviewable. *See United States v. Lowe*, 136 F.3d 1231 (9th Cir.1998). When the lower court mistakenly believes it lacks the power to depart under the Sentencing Guidelines, however, the appellate court reviews de novo. *See United States v. Tucker*, 133 F.3d 1208, 1219 (9th Cir.1998). The district court is required to state the factual basis for denying a requested sentencing departure, and failure to make such findings in the face of a defendant's claim of sentencing entrapment can be grounds for reversal. *See United States v. Riewe*, 165 F.3d 727, 729 (9th Cir.1999). Underlying factual determinations on which a district court's decision regarding departure is based are reviewed for clear error. *See United States v. Green*, 152 F.3d 1202, 1205 (9th Cir.1998)

Because the district court was aware that it could grant a downward departure based on sentencing entrapment, because it made no clearly erroneous factual determinations in deciding not to do so, because it made adequate findings on the issue, and because its decision not to depart is not otherwise reviewable on appeal, we affirm on this aspect of Diaz's sentence.

Diaz next argues that the district court erred in refusing to depart downward on the basis of the low purity of the drugs, and that remand is required in light of this Circuit's decision in *United States v. Sanchez–Rodriguez*, 161 F.3d 556 (9th Cir. 1998). We disagree. The record is clear that the district court was aware that it could depart under the Sentencing Guidelines on this basis. *Sanchez–Rodriguez*, which makes clear that appellate courts "cannot categorically forbid a district court from departing downward on any basis except those specifically prescribed in [§ 5H of] the Guidelines," *id.* at 556, has no bearing on a case such as this, in which the district judge is aware of his power to depart, but merely refuses to exercise his discretion in granting a departure.

Garcia argues that the district court erred in not granting a downward sentencing departure for rehabilitative efforts. The district court explicitly acknowledged its power to grant a downward sentencing departure on this ground. There is no allegation that the district court relied on erroneous facts. The discretionary refusal to grant a downward departure on the basis of rehabilitation is therefore not reviewable on appeal.

AFFIRMED.