### UNITED STATES of America, Plaintiff—Appellee,

v.

### Agop BERGHOUDIAN, aka Jack Agop Berghoudian, Defendant— Appellant.

No. 00–50489.

D.C. No. CR–97–01149–RSWL–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Submission deferred July 16, 2001.

Decided Aug. 9, 2002.

courts of this circuit except as may be provided by NINTH CIR. R. 36–3.

Before FARRIS, SILVERMAN and PAEZ, Circuit Judges.

## MEMORANDUM [*]

Defendant Agop Berghoudian appeals his conviction and sentence for conspiracy to distribute methamphetamine. Defendant first challenges the district court's denial of his motions to withdraw his guilty plea. He contends that the government failed to disclose material information before he entered his plea, that he lacked competence to enter a knowing and intelligent plea, and that the district court violated Rule 11 of the Federal Rules of Criminal Procedure. Next, Defendant challenges the district court's refusal to depart downward from the sentencing guideline range for his substantial assistance to the government. Finally, Defendant contends that the district court improperly denied his motion for a downward departure for sentencing entrapment. We affirm. Because the parties are familiar with the facts, we will not detail them except as necessary.

### A. Withdrawal of Defendant's Guilty Plea

#### 1. *Brady* Violation

■ Defendant alleges that the prosecution withheld evidence that could be used to impeach the confidential informant, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, (1963). He argues that this evidence would have established an entrapment defense, and thus he was entitled to withdraw his guilty plea. Defendant's argument is foreclosed by *United States v. Ruiz,* —— U.S. ——, 122 S.Ct. 2450, 2457, 153 L.Ed.2d 586 (2002), in which the Supreme Court recently held that the government is not required to disclose "material impeachment evidence" before entering a plea agreement with a defendant.

#### 2. Competency to Plead Guilty

■ Defendant argues that because he was mentally incompetent at the time of his guilty plea, the district court should have allowed him to withdraw his plea. However, Dr. Klatte, the government's expert witness, opined that there was no evidence indicating that Defendant was so depressed that he could not competently consider his legal options. *See Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir.1997). In light of Dr. Klatte's testimony, the district court did not abuse its discretion in rejecting this ground for vacating Defendant's guilty plea.

#### 3. Rule 11

■ Defendant next contends that he should have been allowed to withdraw his guilty plea because the district court failed to inform him during the plea colloquy of his constitutional right to assistance of counsel at trial in violation of Rule 11(c) of the Federal Rules of Criminal Procedure. In determining whether Defendant was fully informed of his constitutional rights before entering his plea, we are not limited to the plea proceedings. *See United States v. Vonn,* —— U.S. ——, —— – ——, 122 S.Ct. 1043, 1054–55, 152 L.Ed.2d 90 (2002). Here, there was no violation of Rule 11(c), because Defendant was advised of his right to counsel at trial during his initial appearance and arraignment before the magistrate judge. *Id.* at 1055.

Similarly, the district court's failure to inform Defendant that anything that he said under oath could later be used against him in a prosecution for perjury or false statement, see Fed.R.Crim.P. 11(c)(5), does not warrant vacating his guilty plea. "Rather, this failure bears upon the admis-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sibility of defendant's answers ... in a later prosecution for perjury or false statement." Fed.R.Crim.P. 11 advisory committee's notes (1982 amendments).

We also reject Defendant's argument that the district court's inquiry into the voluntariness of his plea pursuant to Rule 11(d) warrants reversal of his plea. Although the district court erred by not specifically asking Defendant whether his plea was the result of force or threats, the error was harmless because the court made multiple inquiries into whether the plea was made knowingly and voluntarily. *See United States v. Van Doren*, 182 F.3d 1077, 1080 (9th Cir.1999). Furthermore, the court ensured that the language barrier did not interfere with Defendant's ability to understand the court proceedings and plea agreement. Finally, Rule 11 does not require a district court to inquire whether a defendant is under the influence of drugs or medication. In any event, the court was never given any reason to suggest that it should inquire into the defendant's use of such medication.

## B. Downward Departure for Substantial Assistance to the Government

Defendant also contends that the district court should have allowed him to withdraw his guilty plea or should have granted him a downward departure under United States Sentencing Guidelines § 5K1.1 for substantial assistance to the government because the government violated its contractual obligation to file a § 5K1.1 motion. This claim is without merit, as the plea agreement specifically provided that Defendant could not withdraw his plea if the government did not move for a downward departure. Additionally, the district court reviewed the government's decision and found that it was not arbitrary or made in bad faith. *See Wade v. United States*, 504 U.S. 181,

186–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

## C. Sentencing Entrapment

Finally, Defendant argues that the district court did not make the factual findings that we require prior to its refusal to depart downward from the sentencing guidelines for sentencing entrapment. *See United States v. Riewe*, 165 F.3d 727, 729 (9th Cir.1999). Contrary to Defendant's contention, the district court found that the evidence presented by Defendant did not show that there was sentencing entrapment. Indeed, the court found that the efforts of the government constituted a "lawful investigation." Because the court's findings were not clearly erroneous and it explicitly exercised its discretion not to grant a downward departure, we lack jurisdiction over this issue. *See United States v. Morales*, 898 F.2d 99, 102 (9th Cir.1990).

AFFIRMED.