**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10234 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00022-1 |
| v. |  |
| YONG MING SONG, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted February 11, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

　　Yong Ming Song was convicted of Possession of a Controlled Substance

within 1000 Feet of a School with Intent to Distribute under 21 U.S.C. §§

841(a)(1) and 860(a), and appeals his conviction and sentence. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Defendant argues that the sentencing penalties under 21 U.S.C. § 860(a) should not apply. Even assuming that lack of voluntary presence is a defense to § 860(a), the factual record in this case does not support such a defense.

Defendant argues that he has a defense of sentencing entrapment or manipulation. Even assuming he has not waived this argument, Defendant's sentencing entrapment and manipulation claims fail. Defendant's decision as to the route he took was not influenced by law enforcement. *See Sherman v. United States*, 356 U.S. 369, 372 (1958); *see also United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999) (per curiam). Moreover, since Defendant committed a traffic violation, the officer's motives for pulling him over are irrelevant. *See Whren v. United States*, 517 U.S. 806, 813 (1996).

AFFIRMED.