

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50162 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00701-RT-1 |
| v. | |
| ROBERTO JAIME RAMIREZ-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted August 27, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Roberto Ramirez-Ramirez appeals his convictions and sentence for conspiracy to possess cocaine with intent to distribute and conspiracy to distribute at least five kilograms of cocaine (21 U.S.C. §§ 846 & 841(b)(1)(A)(ii)), conspiracy to interfere with commerce by robbery (18 U.S.C. § 1951), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)), and being an illegal alien in possession of a firearm (18 U.S.C. § 922(g)(5)).

1. Federal Rule of Criminal Procedure 11(c)(1), on its face, applies to plea negotiations, not a defendant's jury trial waiver. Whereas "judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty," *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir. 1992), Ramirez-Ramirez contested his guilt in a bench trial. Moreover, a colloquy is required in other situations when a defendant waives a jury trial, *see, e.g.*, *United States v. Duarte-Higareda*, 113 F.3d 1000, 1003 (9th Cir. 1997), and this creates inherent tension between Rule 11(c)(1)'s proscription of judicial participation and a jury trial waiver.

2. The district court's colloquy adequately addressed the criteria described in *United States v. Cochran*, 770 F.2d 850, 852 (9th Cir. 1985). With respect to precautions that would have been taken in a jury trial to avoid prejudice from the alien in possession of a firearm charge, the district court did not need to "explain to

2

the defendant the strategic ramifications of the decision" to waive a jury trial. *United States v. Reyes*, 603 F.2d 69, 72 (9th Cir. 1979) (waiver of 12-person jury).

3. Ramirez-Ramirez did not present any evidence tending to show "a lack of intent *or* lack of capability to deal in the quantity of drugs charged." *United States v. Yuman-Hernandez*, 712 F.3d 471, 475 (9th Cir. 2013). Ramirez-Ramirez's argument that there was no evidence that he was predisposed mis-perceives the burden of proof. *Id.*

4. Although generally a "district court is obligated to make express factual findings as to whether the defendant met" his or her burden to show sentencing entrapment by a preponderance of the evidence, *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999), here, Ramirez-Ramirez presented no credible evidence to satisfy his burden. Consequently, the district court's findings were adequate.

**AFFIRMED.**