**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON MARR, | No. 13-35189 |
| Petitioner - Appellant, | D.C. Nos. 1:12-cv-00185-BLW <br> 1:10-cr-00182-BLW-5 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 9, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Appellant Jason Marr appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his plea of guilty to one count of conspiracy to distribute

500 grams or more of methamphetamine. Marr contends that law enforcement

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withheld impeachment evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). We review de novo a district court's denial of defendant's 28 U.S.C. § 2255 motion and we review for clear error its factual findings. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000). We affirm.

To determine whether a *Brady* violation has occurred, the court considers whether the evidence was: (1) "favorable to the accused," (2) "suppressed by the government," and (3) "material to the guilt or innocence of the defendant." *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (en banc). Evidence is material if its admission would have created a "reasonable probability" of a different result. *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). In this case, the Government concedes that law enforcement suppressed evidence and that this evidence was favorable to Marr. Thus, the only issue in dispute is whether the evidence was material.

The Government had substantial evidence showing Marr's participation in the distribution conspiracy. First, surveillance officers witnessed Marr conduct drug transactions with two methamphetamine distributors on nine separate occasions during a 19-day period. Officers monitoring the distributors' cell phones also identified multiple phone calls between Marr and the distributors. Second, these two distributors confessed to, and were willing to testify about, their

agreement to supply Marr with four ounces of methamphetamine per week. And finally, Marr twice confessed to purchasing methamphetamine from these distributors and then reselling it at a profit. All of this evidence would have been admissible through witnesses other than the persons about whom law enforcement withheld impeachment evidence. Given the strength of the evidence against Marr and the admissibility of the evidence through other witnesses, the district court did not err in concluding that the withheld impeachment evidence was not material to Marr's decision to plead guilty.

**AFFIRMED.**