**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GEORGE RAMIREZ, JR., aka George Ramirez,<br><br>Defendant - Appellant. | Nos. 12-10603, 12-10604<br><br>D.C Nos.4:09-cr-50152-RCC-JR-1,     4:11-cr-02322-RCC-JR-1<br><br>MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAVID ANTHONY FIGUEROA,<br><br>Defendant - Appellant. | No. 13-10006<br><br>D.C. No. 4:11-cr-02322-RCC-JR-2 |

Appeals from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 7, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District Judge.

1.      Even assuming that Defendant sufficiently raised the issue before the district court, the district court did not abuse its discretion by declining to instruct the jury on entrapment at the close of George Ramirez's trial.  A defendant is entitled to a theory-of-defense instruction only if it has some foundation in the evidence and is supported by law.  *United States v. Johnson*, 459 F.3d 990, 992 (9th Cir. 2006).  Ramirez's proposed entrapment defense lacked a foundation in the evidence because he failed to show that he was not otherwise predisposed to participate in the offense.  *See United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011).

2.      In determining Ramirez's offense level, the district court did not commit clear error by applying the two-level enhancement for use of a firearm under U.S.S.G. § 2D1.1(b)(1).  *See United States v. Ortiz*, 362 F.3d 1274, 1277–78 (9th Cir. 2004).  The government provided sufficient evidence for the district court

---

[**]      The Honorable Paul L. Friedman, District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

to conclude that co-defendant David Figueroa's use of a firearm was both reasonably foreseeable to Ramirez and in furtherance of their jointly undertaken criminal activity. Several times in the record, Ramirez mentioned the use of firearms in similar drug trafficking offenses. Thus, the district court did not commit clear error in concluding that Ramirez could reasonably foresee that Figueroa would be armed, even if he and Figueroa never discussed the need for protection beforehand.

**3.** We must, however, vacate Ramirez's sentence and remand for resentencing. The district court committed three errors in sentencing Ramirez.

First, the district court improperly calculated the drug quantities involved in the conspiracy. The Pre-Sentence Report (PSR) concluded that Ramirez's offense level should be based on 10 kilograms of cocaine from the May 13, 2011, transaction, plus an additional 10 kilograms of cocaine from the June 2, 2011, transaction, totaling 20 kilograms of cocaine. However, Ramirez agreed to engage in only one transaction, not two. The May 13 transaction was unsuccessful solely because the government chose to leave the storage unit with "wrappings" and "drug paraphernalia," rather than the actual drugs, in order to surveil the defendants' activities in preparation for their arrest at a later time. When Figueroa

returned on June 2 to complete the transaction initially planned for May 13, the defendants were not conspiring to obtain additional quantities of cocaine. Instead, they were attempting to carry out the one transaction originally planned for May 13. There is no indication in the record that the defendants would have agreed to participate in a second transaction on June 2 for additional quantities if the May 13 transaction had been successful. The district court therefore erred in adopting the PSR's drug quantity calculations. On remand, Ramirez's offense level should be calculated based on 10 kilograms of cocaine, if the district court, as addressed below, makes express factual findings and rejects Ramirez's sentencing entrapment argument.

Second, the district court failed to make "express factual findings" when it rejected Ramirez's sentencing entrapment argument, as our case law requires. *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999) (per curiam). Although the district court adopted the PSR's findings, the PSR did not make any express factual findings regarding sentencing entrapment. In fact, the PSR took "no position regarding the legal argument for sentencing entrapment" and left the matter to the court's discretion. Because the PSR declined to address sentencing entrapment and the district court adopted the PSR's statements without any

supplemental commentary, we must remand for the district court to make express factual findings regarding sentencing entrapment.

Third, when imposing Ramirez's sentence, the district court orally announced that the counts of conviction consisted of: (1) conspiracy to possess with intent to distribute marijuana and cocaine, (2) attempt to possess with intent to distribute marijuana (2 counts), and (3) conspiracy to possess with intent to distribute cocaine. However, as reflected correctly in the written judgment, Ramirez was actually convicted of only one conspiracy count; he was actually indicted for and convicted of: (1) conspiracy to possess with intent to distribute marijuana and cocaine, (2) attempt to possess with intent to distribute marijuana, (3) attempt to possess with intent to distribute cocaine, and (4) possession with intent to distribute marijuana. Because the orally pronounced sentence is the official "imposition of sentence," *United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000), we must remand for the district court to reimpose sentence on the correct counts of conviction. Whether doing so will affect the length of the sentence ultimately imposed is a matter the district court should address in the first instance.

**4.** Ramirez's counsel filed an *Anders* brief in the separate appeal from the district court's judgment revoking supervised release. Ramirez submitted a *pro se* supplemental opening brief, but did not present any relevant legal challenges to the district court's revocation of supervised release. Our independent review of the record confirms that there are no arguable issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

**5.** Finally, we must also vacate Figueroa's sentence and remand for resentencing. Two adjustments must be made in calculating his offense level on remand.

First, as with Ramirez, we conclude that Figueroa's PSR improperly calculated the drug quantities involved in the conspiracy by essentially doubling the quantity of cocaine the defendants had agreed to acquire. On remand, Figueroa's offense level should be calculated based on 10 kilograms of cocaine.

Second, the district court must grant Figueroa an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). At the time of Figueroa's sentence, the government chose not to award the additional level because Figueroa retained his right to appeal. After Figueroa's sentence, however, the Sentencing Commission amended § 3E1.1(b) to clarify that the government

may not refuse a reduction merely because a defendant declines to waive his appellate rights. U.S.S.G. § 3E1.1(b) cmt. n.6 (effective Nov. 1, 2013). We recently held that the Commission's amendment to § 3E1.1(b) is retroactive. *United States v. Cabrera-Guiterrez*, 756 F.3d 1125, 1127 n.1 (9th Cir. 2014). On remand, the district court should calculate Figueroa's offense level based on a three-level reduction for acceptance of responsibility.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED.**