**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10523 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-02322-RCC-JR-1 |
| v. | |
| GEORGE RAMIREZ, Jr., AKA George Ramirez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted May 26, 2016**
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this comeback case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

When this case was last before us, we vacated George Ramirez's sentence and remanded for the district court to make "express factual findings" in addressing Ramirez's sentencing entrapment argument. *United States v. Ramirez*, 619 F. App'x 615, 617 (9th Cir. 2015). The district court made the required findings on remand, and Ramirez now challenges those findings on appeal. We affirm. The district court's findings were not clearly erroneous and the court did not abuse its discretion by rejecting Ramirez's sentencing entrapment argument. *See United States v. Black*, 733 F.3d 294, 301–02 (9th Cir. 2013).

Sentencing entrapment occurs when a defendant, "although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Yuman-Hernandez*, 712 F.3d 471, 474 (9th Cir. 2013); *see also United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). When the underlying crime involves a drug sting, the defendant must show that he "lacked the intent and capability" to possess the larger quantity of drugs. *United States v. Biao Huang*, 687 F.3d 1197, 1203 (9th Cir. 2012).

Ramirez failed to make that showing here. In recorded conversations, Ramirez agreed to steal 500 pounds of marijuana and 10 kilograms of cocaine. He argues that he was not predisposed to possess the cocaine because, although he had a criminal history for drug dealing, he had only dealt with marijuana. Despite

having several opportunities to object to the inclusion of the cocaine, however, Ramirez never did so. Nor did he inform his parole officer that the government's informant was pressuring him to engage in criminal activity that he did not want to commit. And although Ramirez expected that the storage unit would contain cocaine, he did not hesitate to carry out the theft. The district court therefore correctly rejected Ramirez's sentencing entrapment argument.

**AFFIRMED.**