**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35131 |
| Plaintiff - Appellee, | D.C. Nos. 4:17-cv-00022-RRB |
| v. | 4:12-cr-00003-RRB-1 |
| FLOYD EVERETT HARSHMAN, | MEMORANDUM* |
| Defendants - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted June 17, 2021
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.
Concurrence by Judge R. Nelson.

This appeal asks us to decide whether the government's failure to disclose

information regarding Agent Wesley Price's credibility violated *Brady v.*

*Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

Because the parties are familiar with the facts, we recite only those necessary to

resolve the issue on appeal. Harshman claims a *Brady/Giglio* violation for one of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his four criminal counts: firearm possession in furtherance of drug-trafficking. The district court denied Harshman's motion pursuant to 28 U.S.C. § 2255 because he did "not establish[] a material due process violation that would justify an evidentiary hearing or a modification of his sentence." We affirm.

Because the government concedes that it failed to produce information concerning Agent Price that was favorable to Harshman, the issue here is whether the potential impeachment information was material. *See United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (en banc). "Failure to disclose information only constitutes a *Brady* violation if the requested information is 'material' to the defense." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995). "Although the usual standard of materiality is whether the failure to disclose the evidence 'undermines confidence in the outcome of the trial,' the issue in a case involving a guilty plea is whether there is a reasonable probability that but for the failure to disclose the *Brady* material, the defendant would have refused to plead and would have gone to trial." *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)). "[T]he test for whether the defendant would have chosen to go to trial is an objective one that centers on 'the likely persuasiveness of the withheld information.'" *Sanchez*, 50 F.3d at 1454 (quotation omitted).

Harshman argues that disclosure of potential impeachment evidence concerning Agent Price, the sole witness at an evidentiary hearing contesting

2

statements Harshman made to Price about ownership of the firearm, would have led to: (1) granting of his suppression motion; (2) no guilty plea; and (3) no conviction at trial. Harshman also contends that the government might have declined to pursue the charge of firearm possession in furtherance of drug-trafficking. We disagree.

Harshman cannot show materiality because any "likely persuasiveness of the withheld information" is marginal. *Sanchez*, 50 F.3d at 1454 (quotation omitted). The modest impeachment value of the evidence is diminished by: (1) Harshman's ownership of the ATCO-trailer unit containing the firearm; (2) corroborating testimony, including co-conspirator statements; (3) Harshman's lead role in the marijuana-growing operation; and (4) the three other drug-trafficking counts that Harshman faced, each of which carried a maximum of 20 years imprisonment.

Consistent with the application of an objective standard for materiality— whether the defendant would have refused to plead guilty and insisted on trial based on withheld information—Harshman's assertion that disclosure about Agent Price's credibility would have affected his decision to plead guilty is unsupported by the record.

**AFFIRMED.**

*USA v. Harshman,* No. 19-35131

R. Nelson, Circuit Judge, concurring:

I agree with the majority's conclusion to affirm the district court. I write separately to address potential implications of *United States v. Ruiz*, 536 U.S. 622 (2002), on a claim of a *Brady/Giglio* violation before a plea agreement. Because the government did not raise *Ruiz*, the panel need not address this issue in this case. But in a future case, our holding in *Smith v. Baldwin*, 510 F.3d 1127 (9th Cir. 2007) (en banc), may be in tension with *Ruiz*.

The threshold issue in this case is whether the government has a constitutional duty to disclose *Brady*/*Giglio* impeachment information to a defendant accepting a plea deal prior to trial. In *Ruiz*, the Supreme Court squarely held that the "Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Ruiz*, 536 U.S. at 633. "The degree of help that impeachment information can provide will depend upon the defendant's own independent knowledge of the prosecution's potential case—a matter that the Constitution does not require prosecutors to disclose." *Id*. at 630. In other words, a defendant's due process right is not violated when the government withholds impeachment evidence during the pretrial bargaining process that results in the entry of a plea.

1

What the Supreme Court arguably did not directly resolve in *Ruiz* is whether the same standard applies when the government withholds exculpatory evidence prior to entering a plea agreement. The constitutional question before the Court "concern[ed] a federal criminal defendant's waiver of the right to receive from prosecutors exculpatory impeachment material—a right that the Constitution provides as part of its basic 'fair trial' guarantee." *Ruiz*, 536 U.S. at 628. In answering this question, the Court recognized several considerations. "First, impeachment information is special in relation to the *fairness of a trial,* not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." *Id*. at 629. Second, "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id*. at 630. "Third, due process considerations, the very considerations that led this Court to find trial-related rights to exculpatory and impeachment information in *Brady* and *Giglio*" argue against "a constitutional obligation to provide impeachment information during plea bargaining, prior to entry of a guilty plea." *Id*. at 631. *See also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) ("*Ruiz* indicates a significant distinction between impeachment information and exculpatory evidence

2

of actual innocence" and "[g]iven this distinction, it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors . . . have knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters into a guilty plea"). Our prior precedent does not distinguish between impeachment and exculpatory evidence for *Brady*/*Giglio* purposes when applied to a defendant's guilty plea.

In *Smith*, we held that the "state's withholding of the results of [a] polygraph examination [did not] constitute sufficient cause and prejudice to excuse the procedural default resulting from [defendant's] failure to exhaust his state remedies." 510 F.3d at 1130. Our well-reasoned dicta explained the governing principles: "Under *Brady,* the prosecution may not withhold any evidence that is material and favorable to the accused." *Id.* at 1148 (citations omitted). "'[T]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Id.* (citing *Hovey v. Ayers,* 458 F.3d 892, 916 (9th Cir. 2006))."[1] Our binding precedent, *see*

---

[1] We never cited *Ruiz* in *Smith*, instead relying on *Hovey*, which in turn quoted the Supreme Court's decision in *Banks v. Dretke*, 540 U.S. 668, 691 (2004). *Banks* dealt with a defendant who was convicted at trial, not one who pleaded guilty. 540 U.S. at 682. We then proceeded straight to the materiality analysis following *Sanchez v. United States*. *See Smith*, 510 F.3d at 1148 ("When the accused enters a plea rather than proceeding to trial, however, materiality is determined by 'whether there is a reasonable probability that but for the failure to disclose

*Li v. Holder*, 738 F.3d 1160, 1164 n.2 (9th Cir. 2013), thus stands for a proposition that may not entirely reflect the plain holding in *Ruiz*. An extension of *Brady*/*Giglio* to material impeachment information in the guilty plea context would seem inconsistent with *Ruiz*.

In precedent post-*Ruiz* and *Smith*, as well as our unpublished decisions, we have generally held that the Constitution requires the government to disclose material evidence, whether impeachment or exculpatory, prior to a defendant's entry of a guilty plea. *See, e.g.*, *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) ("A reasonable probability is one that is 'sufficient to undermine confidence in the outcome' of either the defendant's guilty plea or trial." (citing *Smith*, 510 F.3d at 1148); *United States v. Delemus*, 828 F. App'x 380, 381–82 (9th Cir. 2020); *Marr v. United States*, 585 F. App'x 438, 439 (9th Cir. 2014); *but see United States v. Berghoudian*, 44 F. App'x 205, 207 (9th Cir. 2002) (concluding *Ruiz* foreclosed defendant's argument that the prosecution withheld impeachment information).

But precedent from our sister circuits, relying on *Ruiz*, generally support that there is "no constitutional right to *Brady* material prior to a guilty plea." *See Alvarez v. City of Brownsville*, 904 F.3d 382, 392 (5th Cir. 2018); *see also, e.g.*,

---

the *Brady* material, the defendant would have refused to plead and would have gone to trial.'" (quoting *Sanchez*, 50 F.3d 1448, 1454 (9th Cir. 1995))).

4

*United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009) (reasoning that "*Ruiz* never ma[de] . . . a distinction" between exculpatory evidence and impeachment evidence;" "nor can this proposition be implied from its discussion," thus "Conroy's guilty plea precludes her from claiming that the government's failure to disclose the FBI report was a *Brady* violation"); *Robertson v. Lucas*, 753 F.3d 606, 621–22 (6th Cir. 2014) (declining to "decide whether [defendants] have a constitutional right to receive exculpatory *Brady* material from law enforcement prior to entering into a plea agreement" but concluding state and federal officials were "under no clearly established obligation to disclose exculpatory *Brady* material to the prosecutors in time to be put to effective use in plea bargaining"); *United States v. Mathur*, 624 F.3d 498, 507 (1st Cir. 2010) (explaining that "[i]n urging us to extend *Brady's* prejudice component to pretrial plea negotiations, the defendant exhorts us to break new ground" and the fact that "plea negotiations are important" "provides no support for an unprecedented expansion of *Brady*").

The panel follows our prior precedent, as it must, in rejecting Defendant's claim. In my view, however, under *Ruiz*, the question should be far simpler—potential impeachment evidence cannot constitute a *Brady/Giglio* violation for purposes of a plea deal. And in some future case, this may need to be addressed.